UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR749 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| ELLIET LANIER, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

On December 7, 2021, the Government provided notice of its intent to introduce certain evidence, as well as certain testimony. (Docs. 57, 58, 59). Defendant objected to the introduction of certain evidence. (Doc. 68). The Government filed a Reply in support of introducing the evidence at issue. (Doc. 70). The Court addresses each issue as follows:

**A.      Expert Testimony**

The Government seeks to qualify the following individuals as experts at trial: United States Postal Inspector ("USPI") Marc Kudley; USPI Bryon Green; Brian Marosan; and Samantha Delor. (Docs. 57& 59). Defendant did not object to qualifying these individuals as experts under Federal Rule of Evidence 702.

Since it appears each of the identified witnesses possesses a specialized knowledge that will assist the jury, the Court will qualify each witness as a person with specialized knowledge and training under Rule 702, not as "experts." The Court will acknowledge the dual roles of USPIs Kudley and Green in its instructions to the jury.

**B.     Physical Evidence**

Based on its original Notice, the Government desires to introduce evidence of 1) the prior packages sent from the Houston, Texas area to Cleveland, Ohio; and 2) the two firearms found in the basement of the residence.  (Doc. 58, PageID: 340).  Defendant objects to the introduction of this evidence.  (Doc. 68).  Defendant also objects to the introduction of evidence of other packages sent from the Houston, Texas area to other states, even though this was not mentioned in the Government's original Notice.  (*Id.* at PageID: 382).  The Government filed a reply arguing that all this evidence – including the packages sent to other states – is admissible.  (Doc. 70).

     **1.     Background Principles**

The Government argues that the contested evidence comes in either under principles of *res gestae* or under Federal Rule of Evidence 404.  Defendant does not engage in a *res gestae* analysis, instead focusing solely on the exclusion under Rule 404.

*Res gestae*, or background evidence, "consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense."  *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (citations omitted).  "Proper background evidence has a causal, temporal or spatial connection with the charged offense."  *Id.*  Examples of *res gestae* evidence include evidence that "is a prelude to the charged offense, arises from the same events as the charged offense, forms integral part of a witness's testimony, or completes the story of the charged offense."  *Id.*  When used properly, *res gestae* evidence does not implicate Federal Rule of Evidence 404(b), which generally bars evidence of past acts to prove character.  *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015).

The Sixth Circuit in *United States v. Gibbs* appropriately summarized the purpose and balance of *res gestae* evidence as follows:

> The purpose of background evidence is to put charges in the appropriate context.  It would be exceedingly difficult for witnesses to relay a story without referencing preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing.  Thus, defendants are not entitled to a 'sanitized' recounting of the facts…and prosecutors are not restricted to proving only discrete elements of a crime in such a way that they would be unable to offer the jury a natural narrative of events.

797 F.3d 416, 424 (6th Cir. 2015) (citations omitted).

The Rules of Evidence provide the general rule that "evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1).  But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2).

Rule 404(b) is subject to the limitation on relevant evidence as discussed in Rule 403. *See United States v. Bell*, 51 F.3d 432, 440 (6th Cir. 2008) (admission of evidence under Rule 404(b) is subject to the requirements of Rule 403).  Under Rule 403, a district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

With these general principles in mind, the Court proceeds with the evidence at issue.

### 2. Packages Sent to Other States

The Court will allow the jury to hear the evidence of packages sent from the Houston, Texas area to other states as appropriate *res gestae* evidence.  This evidence is intertwined with

the charges Defendant faces as it launched the investigation into Defendant. The evidence is necessary to even initiate the story. Thus, it had a "causal" relationship with the charged offense. Finally, it does not even implicate Rule 404's prohibition on other acts because there are no allegations that Defendant was involved in these mailings. As such, analysis under Rule 404 is improper.[1]

### 3. Packages Sent to Cleveland, Ohio

Similarly, the Court will allow the jury to hear the evidence of the packages sent from Houston to Cleveland as *res gestae* evidence. USPI Kudley previously testified that he uncovered this information during his investigation. The prior packages contained the same addressee (Steve Chase), the same address (730 East 101st St., Cleveland, Ohio 44120), similar sender locations (Houston, Texas) with similarly named senders (i.e., Candy Shops). Again, these details provide more context to the story and establish a temporal timeline of the target location receiving similar packages.

### 4. Firearms Found in Basement

As for the firearms, the Court agrees with Defendant and will not allow the Government to introduce the evidence of the two firearms found in the basement. The Government claims the evidence is relevant for two counts: Count 2, Carrying a Firearm During and in Relation to a Drug Trafficking Crime; and Count 4, Maintaining a Premises for the Purpose of Drug Trafficking. And the Government offers two avenues for admission — either *res gestae* or under Rule 404.

The firearms are not *res gestae* information. They are not necessary to complete the story as to the charges Defendant faces. By the time authorities located the weapons, they had already

---

[1] In its Reply, the Government maintains that, to save time, it "will not elicit testimony on direct examination regarding the contents of the other packages." (Doc. 70, PageID: 390). The Court agrees with this proposal.

arrested Defendant. Thus, mentioning the firearms does not complete the picture. Moreover, the general belief that guns and drug trafficking go together is not enough to qualify this evidence as *res gestae*. Finally, just because the firearms were found in a 'spatial' proximity to narcotics — i.e., in the same residence — does not qualify the evidence as *res gestae*. As discussed below, any spatial connection is minimal compared to the totality of the circumstances.

Even if this evidence were relevant — which is tenuous at best — the Courts finds its probative value substantially outweighed by its prejudicial effect under Rule 403. The totality of the circumstances highlight the potential prejudicial effect of this evidence. First, the location: the firearms were found in the basement of the residence, two stories away from the narcotics found in the upstairs bedroom. Second, the status of the firearms: both firearms were unloaded and contained in a duffle bag. And finally, the 'usability' of the firearms: again, both were unloaded and one even had a trigger lock on it. Thus, to argue that these firearms were used in some manner to protect Defendant's narcotics is to ignore the totality of the circumstances. Introducing this evidence would prejudice and confuse[2] the jury.

---

[2] Indeed, the Government's briefing highlights this point. The Government initially states that the firearms were found in the basement away from the narcotics. (Doc. 58, PageID: 339). Later on, the Government states "Defendant's possession of the firearms in the <u>same location as the drugs</u>, crypto currency accounts, <u>and materials used to cut drugs</u>" and that the "firearms [were] stored <u>in the same location as the</u> crypto currency and <u>drugs</u>[.]" (*Id.* at PageID: 345). The ease in which the Government misplaced the evidence in its own briefing easily demonstrates how the issue can prejudice and confuse the jury.

**C.      Conclusion**

Accordingly, the Court will qualify the proposed witnesses as persons with specialized knowledge and training under Rule 702.  As for the physical evidence, the Government may introduce the prior packages sent from Houston to other states and to Cleveland.  However, the Court sustains Defendant's objection as to the firearms found in the basement.

**IT IS SO ORDERED.**

                                      s/ Christopher A. Boyko
                                     **CHRISTOPHER A. BOYKO**
                                     **Senior United States District Judge**

**Dated: December 10, 2021**